UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

SATBINDER ATHWAL, individually and on behalf of the Estate of HARKANWAL SINGH ATHWAL, deceased,

    Plaintiff,

v.

JAY NIJJER and "JANE DOE" NIJJER, individually and as a marital community,

    Defendants,

and

INDIGO HOLDINGS, LLC, a Washington limited liability company,

    Nominal Defendant.

---

Case No. C17-00740RSL

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery Responses." Dkt. # 27. This case involves a dispute over plaintiff's alleged fifty percent ownership interest in Indigo Holdings, LLC (hereinafter "Indigo"). Plaintiff asserts claims of breach of contract, breach of fiduciary duty, wrongful interference with a business relationship, fraudulent misrepresentation, and violation of the Washington Limited Liability Company Act under RCW 25.15 et seq., among other claims. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL

## I. Discovery Deficiencies

On October 4, 2017, plaintiff served her First Set of Interrogatories and Requests for Production on Indigo and her First Requests for Admission on Jay and Jane Doe Nijjer. Dkt. #28 at Ex. B, Ex. C; Dkt. #29-1 at ¶ 6. The initial response date was November 2, 2017. The parties agreed to continue the deadline until December 11, 2017. Dkt. #29-1 at ¶ 9. Defendants submitted their answers on December 11, 2017, but they were incomplete. Dkt. #29-1 at ¶ 9. At a meet and confer conference on December 14, 2017, the parties agreed that defendants would supplement their answers and documents by December 22, 2017. Dkt. #29-1 at ¶ 9. However, on December 22, 2017, defendants produced some informal discovery and informed plaintiff that they would not provide the supplemental discovery responses until the first week of January. Dkt. #29-1 at ¶ 10. Plaintiff brought this motion to compel on December 28, 2017. Dkt. #27. Defendants produced supplemental discovery responses on January 8, 2018. Dkt. #29-1 at ¶ 12. Discovery closed on February 5, 2018. Dkt. #18.

Defendants argue that plaintiff's motion was unnecessary because they were already in the process of supplementing discovery and that it is now moot as their discovery production is complete. Defendants also argue that many of plaintiff's requests were over-broad in scope and difficult to answer as they required gathering information from disparate sources. Finally, defendants argue that plaintiff exceeded the permissible number of interrogatories through the use of sub-questions. The motion to compel is not moot: production after a party is forced to file a motion to compel may still be sanctioned, and plaintiff argues that the January 8, 2018, supplemental production remains incomplete. In light of the fact that defendants filed supplemental responses between the initial motion to compel and plaintiff's ultimate reply, the Court will consider only those items argued in plaintiff's reply.[1]

---

[1] Contrary to plaintiff's representation, Indigo's November 11, 2017, discovery responses are not in the record (Dkt. #28 at Ex. E is a copy of Nijjer's responses). Because the parties agreed during their meet and confer that the December 11, 2017, answers were incomplete and required supplementation, the Court takes that fact as a given and will evaluate Indigo's supplemental responses.

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL -2-

**A. Interrogatories**

> **Interrogatory No. 1:** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: (a) state the number of the request; (b) state all the facts upon which you base your response; (c) state the NAMES, ADDRESSES, and TELEPHONE NUMBERS of all PERSONS who have knowledge of those facts; (d) identify all DOCUMENTS and other tangible things that support your response and state the NAME, ADDRESS, and TELEPHONE NUMBER of the PERSON who has each DOCUMENT or thing.

Indigo's answer is a mishmash of references and statements. Dkt. #32 at 10. It fails to provide much of the requested information, including the number of the request for admission to which it corresponds, addresses of the persons listed, or any information about supporting documents and who may have them. Therefore, the answer is deficient.

Plaintiff points out that the representation that KS Accounting prepared Indigo's taxes in 2012 and 2013 contradicts defendants' prior statement that Olsen & Company CPAs has been the only accounting firm used by Indigo to prepare its taxes since formation. Defendants are reminded that admissions are considered conclusively established and that responses to interrogatories are made under oath. See Fed. R. Civ. P. 33(b)(3); 36(b).

> **Interrogatory No. 2:** How much of the distributions noted on the attached Exhibit A and Exhibit B have actually been remitted to Hark, Sally, and/or ESSA Investments? If all of the distributions have not been remitted: (a) What portion has not been remitted? (b) Why has that portion been withheld? (c) Where is the withheld portion of the distribution? (d) What was the money used for or being held for? (e) Provide the bank and bank account numbers where the unremitted distributions are being held.

While Indigo provides a supplemental answer to this interrogatory, it answers only subpart (a) and glosses over subparts (b) through (e). This answer is, therefore, deficient. The Court also notes that the answer provided appears inconsistent with Indigo's 2015 tax returns, see Dkt. #28 at Ex. M, and reminds Indigo that its interrogatory answers are under oath. See Fed. R. Civ. P. 33(b)(3).

**Interrogatory No. 6:** Describe in detail the reason for each transaction listed below involving Indigo Wells Fargo Bank Account #_____3294. Provide an accounting as to the source and/or recipient of the said transaction, and for all withdrawals and outgoing wires explain why you authorized the transaction: [the interrogatory lists twenty-four transactions occurring between May 8, 2012, and June 14, 2017.]

Indigo objects to Interrogatory No. 6 on the ground that each of the twenty-four listed transactions constitutes a discrete subpart and that plaintiff's interrogatories therefore exceed the twenty-five interrogatory limit permitted under Fed. R. Civ. P. 33(a)(1). Dkt. #29-1 at ¶ 8. The supplemental production provides details for only four of the listed transactions.

Federal Rule of Civil Procedure 33(a)(1) provides: "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Rule 33 does not, however, define "discrete subparts." The Advisory Committee states:

> Parties cannot . . . join[] as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Fed. R. Civ. P. 33 Advisory Committee Notes regarding 1993 Amendment. "[T]he task of counting interrogatories requires a case-specific assessment." Synopsys, Inc. v. ATopTech, Inc., 319 F.R.D. 293, 295 (N.D. Cal. 2016). "The subparts can be explicit or implicit; the number of subparts does not turn on the formalism of labeling." Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co., 315 F.R.D. 191, 195 (E.D. Tex. 2016) (citing 7 James Wm. Moore, Moore's Federal Practice § 33.30[2], at 33-33 (3d ed. 2016); Safeco of Am. v. Rawstron, 181 F.R.D. 441, 443 (C.D.Cal.1998)). While courts have formulated various tests for determining when subparts are a separate interrogatory, "courts generally agree that interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." Trevino v. ACB Am., Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) (citing

Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D.Cal.1998); Kendall v. GES Exposition Services, 174 F.R.D. 684 (D.Nev.1997)) (internal quotation omitted).

Interrogatory No. 6 requests information about twenty-four separate transactions originating from a single Indigo bank account. Plaintiff could have asked one primary question in general terms, such as "Describe in detail the reason for each transaction involving Indigo Wells Fargo Bank Account #_____3294" for a particular time period, which would likely have required explanation of many more transactions without raising any issues regarding the number of interrogatories at issue. Instead, plaintiff simplified Indigo's task by flagging certain transactions of interest. Indigo may not now turn this courtesy against plaintiff and argue that the twenty-four listed transactions constitute twenty-four discrete interrogatories. The twenty-four listed transactions are logically and factually part of the primary question and do not constitute separate interrogatories.

Having concluded that Indigo cannot properly object to Interrogatory No. 6 based on the number of subparts, the Court looks to the sufficiency of the supplemental production. The supplemental answer divides the transactions into two time frames: 2012 to 2013 and 2015 to 2017.[2] Indigo asserts that "at this time" it is "without sufficient knowledge and memory to provide an accounting for the transactions listed for 2012 and 2013," and states that it "is in the process of trying to obtain bank statements ... which may help defendant provide an accounting of the transactions listed for 2012 and 2013." Dkt. #32 at Ex. C, p. 4-5. This answer is deficient. The Rules provide that a defendant "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). Indigo makes no attempt to explain how its own bank statements were unavailable to it during the months before it submitted this supplemental answer or why it is still "trying" to obtain them. Indigo had an obligation to obtain its bank records and answer this interrogatory to the best of its ability within the time allowed. It did not fulfill this obligation.

For the 2015 to 2017 time period, Indigo provides details for four of the thirteen

---

[2]There are no listed transactions for 2014.

transactions and otherwise states that "this is a burdensome request" and that it is "in the process of attempting to obtain information to provide an accounting for such transactions." Dkt. #32 at Ex. C, p. 5. Interrogatory objections must be raised with specificity. Fed. R. Civ. P. 33(b)(4). A general statement that the request is burdensome without any detail as to why or how is not sufficient. Indigo has provided no explanation for why it could not access or locate records relating to its own dealings in the months leading up to this production. This answer is deficient.

>**Interrogatory No. 8:** Describe in detail all Indigo's assets. Please identify the location of the asset, and state the current fair market value of each such asset.

In its supplemental answer to this interrogatory, Indigo provides that it has no assets other than interests in two hotel companies from which it receives distributions. Indigo ambiguously states that it was "never properly admitted as a member in such entities" while at the same time specifying the percentage interests it holds. Dkt. #32 at Ex. C, p. 5-6. Indigo directs plaintiff to produced documents including tax returns and appraisals for the two hotels. Id. Plaintiff argues that this production is deficient because Indigo did not provide the fair market value for the listed Indigo assets, omitted reference to a known business vehicle (a Porsche Macan listed in Indigo's 2015 tax returns), and did not provide documents supporting Indigo's contention that it was not properly admitted as a member in the hotel companies despite receiving regular distributions. See Dkt. #31 at 7; Dkt. #29-1 at Ex. M, p. 18.

The Court does not know which documents were actually produced and what they contained. Indigo has the option to provide responsive business records and need not extract the precise answers for plaintiff. See Fed. R. Civ. P. 33(d). However, if it utilizes this option, it must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." See Fed. R. Civ. P. 33(d)(1). It is an abuse of this option to respond by "directing the interrogating party to a mass of business records." Fed. R. Civ. P. 33 Advisory Committee Notes regarding 1980 Amendment. This Rule does not permit a party to dump large swaths of documents of its choosing on the

opposing party. Rather it permits inspection of *business records*–including pertinent indices, summaries, charts, and other such organizational aids–when the burden of sifting through the same records is equal for both parties. Indigo directs plaintiffs to the same thousands of pages of documents in almost every supplemental response to the Requests for Production. See Dkt. #32 at Ex. C. This response does not meet the business record option standard.

Regarding plaintiff's questions about the Porsche Macan, while Indigo has previously claimed the vehicle as a business asset on its tax returns, the Court has no way of knowing if Indigo had since disposed of it. The Court reminds Indigo that a vehicle claimed on company tax returns would constitute a business asset and that its interrogatory answers are under oath. See Fed. R. Civ. P. 33(b)(3).

Indigo has raised doubts regarding its membership in the hotel companies at issue but has failed to provide any supporting documents. Discovery offers Indigo an opportunity to provide documents in support of its contentions: if, despite receiving years of dividends, Indigo does not have a proper membership interest in the hotel companies, it must produce any information it intends to rely upon or risk exclusion at trial. Indigo must produce all documentation establishing the nature of its relationship to the hotel companies.

> **Interrogatory No. 9:** State the dates of and describe all Indigo related transfers and/or withdrawals of corporate funds or property in any form, including compensation, salaries, loans, dividends, reimbursement, or otherwise, which have been made to or for any officer, member, director, shareholder, or manager from April 11, 2012 to the Present.

Indigo's supplemental answer again provides that "this is an extremely burdensome request," and that Indigo is "in the process of attempting to obtain information to provide an accounting for such transfers and/or withdrawals." Indigo objects to this Interrogatory on the same grounds as Interrogatory No. 6, and those objections are overruled. Indigo is required to respond to this interrogatory, and, in particular, to provide detailed responses describing any loans.

**B. Requests for Production**

> **Requests for Production Nos. 1, 2, 6, 8, 9:** Please produce all documents that support or otherwise relate to your answer of Interrogatory No. [1, 2, 6, 8, 9].

These Requests for Production relate to the interrogatories discussed above. The Court does not have access to the documents Indigo produced in response to these Requests for Production. See Dkt. #32 at Ex. C. It cannot, therefore, evaluate the sufficiency of that production.

> **Request for Production No. 27:** Produce all communications, including but not limited to emails, letters, correspondence, and memoranda, between you and the members, shareholders, lenders, or managers of CWS Meridian LLC and TNB Hospitality, LLC from January 1, 2012 through the present.

Indigo has not provided a supplemental response to Request for Production No. 27, Dkt. #32 at Ex. C, and plaintiff states that Indigo has not produced any responsive communications. Indigo's initial response objected on the grounds that the request: 1) is vague, overbroad, and unduly burdensome; 2) seeks information that is irrelevant, not admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; 3) would require the production of documents that contain confidential or other protected information that has no bearing on the above referenced litigation; 4) seeks information that was prepared in anticipation of litigation and contains mental impressions, conclusions, opinions and/or legal theories of attorney and/or representatives of Indigo; 5) seeks attorney work product; and/or 6) seeks information subject to attorney/client privilege. The boilerplate nature of the objection is amplified by Indigo's use of "interrogatory" rather than "request" in all but the first sentence.

An objection to a response for production must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Indigo's contention that the request is vague, overbroad, and unduly burdensome does not meet the specificity

standard as Indigo has not provided any reasons.³ The information sought is relevant, as it goes to the nature of Indigo's business dealings, which are at issue. To the extent that information sought may be confidential or protected, this is properly addressed by moving for a protective order, see Fed. R. Civ. P. 26(c)(1)(G), which Indigo failed to do. To the extent that information sought may be privileged or subject to protection as trial preparation material, Indigo must provide a privilege log, see Fed. R. Civ. P. 26(b)(5), which it did not do. Indigo's objections to Request for Production No. 27 are overruled and it must provide all relevant, responsive communications. Indigo is reminded that this includes defendant Nijjer's pertinent emails and other communications.

> **Requests for Production No. 31:** Produce all documents relating to the loan involving J&B Holdings.
>
> **Request for Production No. 32:** Produce all documents relating to the loan involving Insignia Properties.
>
> **Request for Production No. 33:** Produce all documents relating to the loan involving Gurminder Athwal.
>
> **Request for Production No. 34:** Produce all documents relating to the loan involving Sarbjit Bains.

Indigo argues that it has produced responsive documents regarding the JJB⁴ Holdings and Gurminder Athwal loans, that it is "not aware of a loan involving Insignia Properties that is relevant to Indigo Holdings, LLC," and that it "is not aware of any such documents relating to a loan involving Sarbjit Bains." Dkt. #32 at Ex. C. Plaintiff has obtained evidence of the four loans from third party subpoenas and argues that the explanations given for the JJB Holdings and

---

³Indigo's general contention that responses require coordination between multiple third parties is inapplicable, as this request for production requests only communications in which Indigo participated.

⁴Request for Production No. 31 refers to J&B Holdings, but both Indigo's supplemental response and plaintiff's reply brief refer to JJB Holdings. The Court infers this was a typo and these entities are one and the same.

Gurminder Athwal loans are contradicted by defendants' claim that plaintiff's share remains intact. Plaintiff also argues that this response ignores a total of $310,000 in cancelled checks to JJB Holdings for "loan payments." Plaintiff has established that Indigo's responses are deficient. Indigo must produce all responsive documents for all pertinent loans.

### C. Other Deficiencies

The Court recognizes that plaintiff had limited space in her reply brief and that she mentions interrogatories and requests for production in her proposed order that are not specifically discussed in the memorandum. See Dkt. #31-1. While the Court cannot rule on the sufficiency of these productions without more information, they are not exempt from discovery standards. "The purpose of discovery is to provide a mechanism for making relevant information available to the litigants ... Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues ..." Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148–49 (9th Cir. 2005) (citing Fed. R. Civ. P. 26 Advisory Committee Notes regarding 1983 Amendment). The evidence submitted to the Court shows that Indigo and defendant Nijjer have repeatedly violated the spirit of the discovery rules by delaying disclosure and omitting information. Discovery production is not a mere courtesy to other parties but rather a requirement of federal litigation, enforced by the Court. Defendants' lackadaisical approach to providing discovery at its convenience is unacceptable. Defendants shall supplement all of its deficient discovery responses, whether or not they have been addressed by number, as to meet the standards expressed in the Federal Rules of Civil Procedure and this Order.

## II. Attorney's Fees

Pursuant to Fed. R. Civ. P. 37(a)(5), if a motion to compel "is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including

1  attorney's fees." An award of fees will not be made if the movant failed to in good faith meet
2  and confer, the nondisclosure was substantially justified, or "other circumstances make an award
3  of expenses unjust." Plaintiff requests an award of costs and fees. Dkt. #27 at 12.

4  Defendants' meritless objections, failure to provide complete responses, and repeated
5  failure to respect deadlines necessitated the motion to compel. Plaintiff made a good faith effort
6  to obtain discovery without involvement of the Court by participating in a discovery conference
7  and agreeing to four separate extensions of the original November 3, 2017 response date.
8  Defendants state that before plaintiff brought the motion to compel they had already produced
9  material through informal discovery and provided a "specific time frame" for supplementing
10 discovery. Defendants maintain that plaintiff lacked good faith when she filed the motion to
11 compel before the "specific time frame" defendants unilaterally provided had passed and while
12 defendants' attorneys were known to be on vacation. Dkt. #29 at 7-8. Plaintiff need not wait
13 forever, and defendants have still failed to complete their discovery obligations. Dkt. #31 at 3. It
14 was therefore reasonable for plaintiff to involve the Court.

15 Defendants next argue that their delay was substantially justified because plaintiff's
16 discovery requests are broad in scope and request information and documents to which they lack
17 easy access. Locating the responsive documents and information was not so onerous that they
18 could not complete discovery in the almost three months between when they were served with
19 plaintiff's discovery requests on October 4, 2017 and the fourth extended deadline on December
20 22, 2017. See Dkt. # 28 at Ex. B, p. 26; Ex. C, p. 17; Ex. F, p. 1; Ex. G, p. 1. Had defendants not
21 waited until the last minute, they could have avoided conflict with the holiday season. The
22 impetus of this dispute is defendants' refusal to provide plaintiff with Indigo records to which
23 she claims she is entitled, and defendants have repeatedly failed to timely fulfill their discovery
24 obligations. Their failure was not justified.

25 Finally, defendants argue that an award of costs would be unjust because plaintiff could
26 have obtained much of the information by deposing defendants' CPA. Defendants cannot avoid

their own discovery obligations by choosing the manner in which plaintiff should have ordered her discovery. Even if plaintiff already had some of the information sought or it could have been obtained from other sources, this alone does not excuse defendants' failure to fulfill their discovery obligations. See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004).

Defendants also argue that an award of costs would be unjust because plaintiff has "refused to reciprocate defendants' openness in informal discovery," particularly in supporting her ownership interest in Indigo. Dkt. #29 at 9; Dkt. #29-1 at ¶ 3. The Court rejects this argument. Discovery is not conducted on a tit-for-tat basis. Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 680-81 (C.D. Cal. 2009); Fed. R. Civ. P. 26(d)(2) ("[M]ethods of discovery may be used in any sequence; and . . . discovery by one party does not require any other party to delay its discovery."). If defendants feel that plaintiff responded incompletely to discovery requests involving the basis for her claimed ownership interest in Indigo, they could file their own motion to compel. That belief does not excuse defendants' failure to fulfill their own discovery obligations, however.

Plaintiff is entitled to her reasonable expenses incurred in making the motion, including attorney's fees.[5]

### III. Conclusion

For the foregoing reasons, plaintiff's motion to compel (Dkt. # 27) is GRANTED. The discovery deadline passed on February 5, 2018. All responsive information and documents should already be in plaintiff's possession. To the extent that they have not already done so, the defendants shall, within fourteen days of this order, provide full and complete responses to Interrogatories Nos. 1, 2, 6, 8, and 9, Requests for Production Nos. 27, 31, 32, 33, and 34. They also shall comply with all other discovery requests for which defendants are still in the process

---

[5] Plaintiff is not, however, entitled to fees and costs in following up on the outstanding discovery. Only fees incurred in making the motion are recoverable. See Fed. R. Civ. P. 37(a)(5).

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL                -12-

of gathering responsive information or otherwise must supplement to comply with the Federal Rules of Civil Procedure and the standards set forth in this Order. To the extent Indigo withholds documents and/or redacts confidential information, a privilege log sufficient to allow plaintiff and the Court to evaluate the claim of privilege must be provided within the time allowed. At a minimum, the privilege log must identify the nature of the document, its date, the parties thereto (and their connection to this litigation, if relevant), the privilege that justifies the failure to disclose, and any other information necessary to show that the privilege applies.

Plaintiff shall, within seven days of the date of this Order, submit evidence regarding the reasonable fees and costs incurred in making this motion.

Dated this 5th day of March, 2018.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL                    -13-